UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
98 SEP 16 AM 8:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

In the matter of the )
Arbitration Between ROBERT KIM )
and JULIE KIM, )
 )
    Claimants, )
 )
vs. ) Civil Action No. CV 98-S-01517-S
 )
ROBERT DENNING and DEAN WITTER )
REYNOLDS, INC., )
 )
    Respondents. )

ENTERED
SEP 16 1998

## MEMORANDUM OPINION

This action is before the court on the motion of respondent Robert Denning to modify an arbitration award made May 7, 1997. Denning requests that this court modify the award, and thereby hold respondents jointly and severally liable for the amount of the award. In opposition, respondent Dean Witter Reynolds, Inc. ("Dean Witter") argues, *inter alia*, that Denning's motion is untimely. The court agrees and must, therefore, deny Denning's motion.

The Federal Arbitration Act, under which Denning seeks relief, states in section 12 that, "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12; *see Cullen v. Paine, Webber, Jackson & Curtis, Inc.*, 863 F.2d 851, 854 (11th Cir. 1989); *see also Sargent v. Paine, Webber, Jackson & Curtis, Inc.*, 882 F.2d 529, 531 (D.C. Cir. 1989).

The significant events for purposes of this motion occurred, according to Denning, in the following sequence:

1. Arbitration award was decided on May 7, 1997.
2. Notice of the award was mailed May 12, 1997.
3. Motion "to modify, seeking a clarification" was filed with the Arbitration Panel on October 29, 1997.
4. Arbitration Panel's denial of the motion was rendered on May 5, 1998.
5. The motion before this court to modify the award was filed on June 11, 1998.

Denning filed the motion to modify in this court more than one year after the Arbitration Panel's decision was filed *and* delivered. *See Sargent*, 882 F.2d at 531. Even the application of the doctrine of equitable tolling is unavailing for Denning. *See generally Sargent v. Paine, Webber, Jackson & Curtis, Inc.*, 687 F. Supp. 7, 8 (D.D.C. 1988) (applying the doctrine of equitable tolling to 9 U.S.C. § 12 for *pro se* movant), *remanded on other grounds*, 882 F.2d 529 (D.C. Cir. 1989). If the court considered the limitations period tolled by the October 29, 1997 motion submitted to the panel, that initial motion to modify was untimely, as it was filed some five months after the panel's decision was filed and delivered.

The court notes also "[t]he purpose of the Federal Arbitration Act was to relieve congestion in the courts and to provide parties with an alternative method for dispute resolution that would be speedier and less costly than litigation." *Booth v. Hume Publishing, Inc.*, 902 F.2d 925, 932 (11th Cir. 1990) (citations omitted). Furthermore, given the "very limited" scope of review, *Brown v. Rauscher Pierce Refsnes, Inc.*, 994 F.2d 775, 778 (11th

Cir. 1993), and claimants' assertion of nine claims, it is unlikely that the court could find the award "(1) arbitrary and capricious; (2) in contravention of public policy; or (3) entered in manifest disregard of the law." *Scott v. Prudential Securities, Inc.*, 141 F.3d 1007, 1017 (11th Cir. 1998) (internal quotation marks and citation omitted); *see Brown*, 994 F.2d 775; *see also Sargent*, 882 F.2d at 532.

Denning's motion to modify did not comply with 9 U.S.C. § 12, and is therefore denied.

An order consistent with this memorandum opinion will be entered contemporaneously herewith.

**DONE** this the 15th day of September, 1998.

United States District Judge